76666.0180

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **REBECCA ESCARCEGA** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **Civil Action No. 3:17-CV-74** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY AND** | § | |
| **MARK YOSTEN** | § | |
| | § | |
| **Defendants** | § | |

## DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 384TH Judicial District Court, El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

## I.
### INTRODUCTION

1. On February 8, 2017, Plaintiff Rebecca Escarcega filed her original petition in the 384TH Judicial District Court, El Paso County, Texas captioned *Rebecca Escarcega v. Travelers Lloyds of Texas Insurance Company and Mark Yosten*, Cause Number 2017DCV0447 (the "State Court Action").

2. Citation for the State Court Action was issued on February 10, 2017 and served on Defendant Travelers Lloyds of Texas Insurance Company via Certified Mail on February 14, 2017.

76666.0180

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiff's Original Petition does not specifically state a range of monetary damages sought, in violation of Texas Rule of Civil Procedure 47. Plaintiff's pre-suit demand to Defendant Travelers demands damages in excess of $89,000. *See Exhibit B, page 2.* Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

5. Plaintiff was at the time of the filing of this action, has been at all times since, and still is an individual resident citizen of Texas. For diversity purposes, an individual is a citizen of the state of her domicile, which is the place of her true, fixed, and permanent home and principal establishment, to which she has the intention of returning home whenever he is absent therefrom. *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

6. Defendant Travelers Lloyds of Texas Insurance Company is a Lloyd's plan insurance association and is an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993): *see also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001)(" For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.).

2

76666.0180

7. On the date of this removal and at all relevant times, Travelers Lloyds of Texas Insurance Company's underwriters are all citizens of Connecticut; none of its underwriters are citizens of Texas. Accordingly, Travelers Lloyds of Texas Insurance Company is a citizen of Connecticut.

8. Defendant Mark Yosten ("Yosten") was improperly joined, and therefore, his citizenship can be disregarded for purposes of diversity jurisdiction. For purposes of considering whether complete diversity jurisdiction exists, a court may disregard the citizenship of parties that have been improperly joined. *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.,* 719 F.Supp.2d 736, 738 (S.D. Tex. 2010)(citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572-73 (5th Cir. 2004)).

9. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

10. "The citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs, Inc.,* 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied,* 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Centr. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)(en banc). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 309 (5th Cir. 2005)(citing *Smallwood,* 385 F.3d at 573).

76666.0180

11. The claims against Yosten are nothing more than boilerplate. The plaintiff's factual allegations against Yosten are identical to allegations contained in other pleadings by Plaintiff's Attorney. *See Exhibits D, E, F, and G.* In recent cases, courts have held that an adjuster, like Yosten, was improperly joined where the allegations against him were "mere conclusory allegations" and failed to allege facts that "would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct." *Plascencia v. State Farm Lloyds*, 4:14-CV-00524-A, at *14 (N.D. Tex. Sept. 25, 2014.)[1]; see also *Young v. Travelers Personal Security Ins. Co., et al*, 4:16-CV-235, 2016 WL 4208566 (S.D. Tex August 10, 2016); *Johnson v. The Travelers Home and Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146 (S.D. Tex. July 29, 2016).

12. In addition, there is no plausible recovery against Yosten on the breach of contract and breach of the duty of good faith and fair dealing claims alleged against him. Plaintiff's Original Petition in the State Court Action does not allege the existence of a contract between Yosten and the Plaintiff, a necessary element for both breach of contract and breach of the duty of good faith and fair dealing claims. *See e.g. Griggs v. State Farm Lloyds*, 181 F.3d 694, 700-01 (5th Cir. 1999).

13. In addition, there is no plausible recovery against Yosten on any claims alleging misrepresentation or fraud. A plaintiff alleging fraud is required to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) demands that the plaintiff "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002). Rule 9(b) applies to all averments of fraud, whether they are a claim of fraud or statutory claims based on allegations of fraud. *Omni USA, Inc. v. Parker-Hannifin Corp.*, 789 F.Supp.2d 831, 836 (S.D. Tex.

---

[1] A copy of the *Plascencia* opinion is not available on Westlaw and is therefore attached for reference as Exhibit C.

76666.0180

2011) *citing Lone Star Ladies Inv. Club v. Scholtzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Plaintiff's Original Petition in the State Court Action does not specify any statements that are alleged to be fraudulent, who made the statements, state when and where the statements were made, nor explain why the statements are fraudulent.

14. Accordingly, because the allegations against Yosten are conclusory and made solely to destroy diversity jurisdiction, Yosten's citizenship should be disregarded because he was improperly joined.

15. Yosten's consent to this removal is not required because he was improperly joined. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007)("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Out of an abundance of caution, Yosten's consent is attached as Exhibit H.

16. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

17. This Notice of Removal is filed within thirty (30) days after service (on February 14, 2017) by Defendants of the State Court Action. This Notice of Removal is also been filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, if timely filed pursuant to 28 USC §1446 (b).

### III.
### PROCEDURAL REQUIREMENTS

18. In accordance with 28 USC section 1446 (D), Defendants will promptly give written

76666.0180

notice of this Notice of Removal to Plaintiffs through counsel of record and file a copy of this Notice

of Removal in the 63RD Judicial District Court, Val Verde County, Texas.

19. Defendants reserve the right to amend or supplement this Notice of Removal.

20. The following are included in the Appendix filed contemporaneously with this Notice of

Removal:

(a)     an index of all documents that clearly identifies each document and indicates the date

the document was filed in the State Court Action;

(b)     a copy of each document filed in the State Court Action, except discovery material,

arranged in chronological order according to the state court filing date; and

(c)     a separately filed JS-44 Civil Cover Sheet.

For the above reasons, Defendants give notice of the removal of the State Court Action to this

Court and respectfully request that this action proceed before this Court as though it had originally

been instituted in this Court.

Dated: 15 March, 2017

Respectfully submitted,

ADAMI, SHUFFIELD, SCHEIHING
    & BURNS, P.C.
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone (210) 344-0500
Telecopier (210) 344-7228
bscheihing@adamilaw.com

By: _____
        ROBERT F. SCHEIHING
        State Bar No. 17736350

ATTORNEY FOR DEFENDANTS

76666.0180

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this __15__ day of March, 2017:

Thomas Furlow
Furlow Law Firm, PLLC
1032 Central Parkway South
San Antonio, Texas 78232
tfurlow@furlowlawfirm.com

ROBERT F. SCHEIHING

7